Filed 12/22/15  P. v Zavala CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN CARLOS ZAVALA,<br><br>    Defendant and Appellant. | 2d Crim. No. B262421<br>(Super. Ct. No. 2013000274)<br>(Ventura County) |

Juan Carlos Zavala appeals a judgment after conviction by plea of guilty to two counts of offering to sell an assault weapon (Pen. Code, § 30600, subd. (a))[1] and one count of offering a handgun for sale (§ 27500, subd. (a)).  He admitted a prior strike conviction.  (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 459, 460.)  He agreed to a 14-year prison term, and received it, but now contends the sentence should not have been configured as a second-strike.  We affirm.

### BACKGROUND

On October 8, 2012, Zavala sold a M1 carbine rifle to a confidential informant.  Two days later, Zavala sold him a Walther P22 handgun.  Two weeks later, Zavala sold two "AK-47 style" rifles and four high-capacity magazines to an informant and an undercover deputy sheriff.  When he was arrested, Zavala had a handgun and a live round of ammunition in his car.  Zavala has a 1998 felony conviction for robbery.

---

[1] All statutory references are to the Penal Code.

An information charged Zavala with six felony counts of possessing and offering to sell weapons and ammunition. (§§ 30600, subd. (a), 32310, 27500, subd. (a), 30305, subd. (a).) Each count alleged his prior strike. (§§ 211, 667, subd. (c)(1), 667, subd. (e)(1), 1170.12, subds. (a)(1), (c)(1).)

Zavala pled guilty to two counts of selling assault weapons and one count of selling a handgun to a person prohibited by law from possessing it, with a maximum agreed-upon sentence of 14 years in state prison. As a term of the plea agreement, he admitted his prior strike and agreed: "Because I am admitting a prior strike conviction, I may accrue prison worktime credit not to exceed 20 percent of the total term of imprisonment." Zavala acknowledged that the maximum term for his offenses was 22 years. At the sentencing hearing, defense counsel stated that "[t]he People have . . . threatened . . . not to dismiss any counts if the Court deviates from their 14-year mandate."

The trial court sentenced Zavala to a 14-year term in which each term was doubled for the strike. It consisted of a four-year term (the low term), doubled to eight, for the first count (§ 30600, subd. (a)); a two-year term (one-third the midterm) doubled to four years for the second count (*ibid.*); and a one-year term (one-third the midterm) doubled to two years for the third count (§§ 27500, 667, subd. (e)(1), 1170.12, subds. (a)(1), (c)(1)).

The trial court denied Zavala's motion to strike his prior strike. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 508 (*Romero*).) The court said, "I don't see any reason to strike the strike[]." It acknowledged that Zavala is a "good father and a good provider" and has good qualities, but stated that he is "no stranger to weapons and their use." The court said that in the 1998 robbery offense Zavala intimidated the victim by "threatening to have a gun" and that he was subsequently arrested in 2005 with a loaded nine-millimeter semiautomatic handgun. It said that the weapons Zavala sold "can do [a] serious, serious, serious amount of damage" and that Zavala "had no idea where they were going to end up" when he sold them.

Zavala offered to withdraw his plea and plead to "whatever . . . is required" if the trial court would grant his *Romero* motion. The court responded that, in those

2

circumstances, "I would not be able to abide by the 14-year sentence because I am required to sentence consecutively on the subordinate counts which winds up with more time and not less time." Zavala did not object to the court's response. He now presents alternatives that would result in something close to a 14-year term if he were sentenced on all six counts.

DISCUSSION

Zavala received the 14-year term he negotiated and agreed to under the terms of the plea agreement. He must abide by its terms.

Zavala contends that his appeal does not challenge the validity of the 14-year term. Instead, he challenges the trial court's postplea decision to deny his *Romero* motion. A challenge to a negotiated maximum sentence imposed as part of the plea bargain is a challenge to the validity of the plea itself. (*People v. Cuevas* (2008) 44 Cal.4th 374, 384 [claim that agreed-upon term violated section 654 was substantive challenge to plea].) But the right to urge the court to exercise its discretion to impose a shorter term is reserved: the "'inclusion of a sentence lid implies a mutual understanding and agreement that the trial court has authority to impose the specified maximum sentence and preserves only the defendant's right to urge that the trial court should or must exercise its discretion in favor of a shorter term.'" (*Id*. at p. 380.)

Zavala does not contend the sentencing court abused its discretion when it denied his request to strike his strike. Instead, he contends the trial court did not understand that it had other sentencing choices, as demonstrated by its remark about consecutive sentencing. (*People v. Downey* (2000) 82 Cal.App.4th 899, 912 [failure to exercise discretion requires reversal].) Zavala argues that if he had pled to all six counts, the trial court could have granted his *Romero* motion and still configured a sentence that would result in a term of 13 years 4 months, close to 14 years, "albeit without the 80% service requirement." But this alternative is not consistent with the plea agreement. It would require withdrawal of the plea and negotiation of new and better terms for Zavala. And the court could not grant the *Romero* motion because it did not believe Zavala was outside the spirit of the Three Strikes law. (*People v. Williams* (1998) 17 Cal.4th 148, 161

3

[court must determine whether the defendant may be deemed outside the scheme's spirit and treated as though he had no prior strike conviction].)  The court saw no reason to strike the strike.  Zavala offers another alternative that would have exceeded 14 years but, "with credits of 50%, would have resulted in an actual prison term far less than the fourteen-year term to be served at 80%."  But Zavala agreed he would not receive 50 percent worktime credits.  "[D]efendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process."  (*People v. Hester* (2000) 22 Cal.4th 290, 295 [a defendant who pled guilty in exchange for a specified sentence may not challenge the sentence on the ground it is unauthorized].)

The record demonstrates that the trial court understood and properly exercised its discretion to grant or deny Zavala's *Romero* motion when it weighed the factors in favor of, and against, striking the strike.  (*People v. Carmony* (2004) 33 Cal.4th 367, 371 [appellate courts review a decision not to strike a strike for abuse of discretion].)  The court considered the circumstances of Zavala's prior conviction, his history, his character, and the circumstances of the present offense before it concluded, "I don't see any reason to strike the strike[]."

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:



YEGAN, J.



PERREN, J.

4

Nancy Ayers, Judge

Superior Court County of Ventura

_____

Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Stephanie A. Miyoshi, Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.